## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CRAIG BRUTON,            )
            )
     Plaintiff,        )
            )
v.                  )     Case No. CIV-17-136-D
            )
JOE M. ALLBAUGH, et al.,    )
            )
     Defendants.     )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds Plaintiff's claims against Defendant Allbaugh should be dismissed without prejudice. It is further recommended that this action be transferred to the United States District Court for the Northern District of Oklahoma.

## I.    Factual Allegations of the Complaint

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC). Plaintiff is currently incarcerated at the Oklahoma State Reformatory (OSR) located in Granite, Greer County, Oklahoma and within the confines of this judicial district. *See* 28 U.S.C. § 116(c). Plaintiff does not, however, allege claims related to his present confinement at OSR.[1]

---

[1] Plaintiff attaches a series of documents submitted to prison officials at OSR as part of his efforts to exhaust administrative remedies. Those documents relate to Plaintiff's requests for medical care. However, Plaintiff does not bring any claims based on his medical care or name as defendants any individuals allegedly responsible for his medical care.

Instead, Plaintiff brings claims based on an injury he suffered during his incarceration at an ODOC facility located in Vinita Oklahoma.[2]  Plaintiff alleges that he was injured while using a table saw and that the injury resulted from the defective nature of the equipment.  Plaintiff further alleges he suffered permanent damage to his left hand as a result of the injury.   In an "Offender Grievance" attached to the Complaint, Plaintiff states the injury occurred on March 4, 2016.  *See* Offender Grievance [Doc. No. 1-1] at p. 4.[3]

Plaintiff further alleges a maintenance supervisor was previously injured by the same piece of equipment.  Therefore, he claims the warden knew about the danger presented by the equipment. *See* Compl. at p. 2 ("He was aware [o]f the functionality of the Bla[d]e Saw, as one of his Staffers' [sic] had been injured on same due to problems related to the bla[d]es' [sic] not locking properly.") *see also id*. at p. 3 (reciting additional allegations).

## II.   <u>Plaintiff's Claim</u>

Liberally construing the Complaint, Plaintiff appears to bring a § 1983 claim pursuant to the Eighth Amendment, premised on prison officials' failure to protect him from a known danger – i.e., that he would be injured by defective equipment at the prison.  He names two individuals as defendants: (1) Joe M. Allbaugh, Director of the ODOC; and (2) the warden of the correctional facility in Vinita.[4]

---

[2] The Court takes judicial notice of the fact that the only ODOC facility located in Vinita, Oklahoma where Plaintiff could have been incarcerated is Northeast Oklahoma Correctional Facility.

[3] Citations to Plaintiff's Complaint reference the Court's ECF pagination.

[4] Plaintiff does not identify the warden by name.  The Court notes, however, that Casey Hamilton is the current warden of Northeast Oklahoma Correctional Facility.

As relief, Plaintiff seeks compensatory and punitive damages. He claims he is entitled to recover damages to help his family pay for his medical bills and "so that he will be able to assist in the support of his home and family." *See* Complaint at p. 6.

## III. Screening Obligation

The Court is obligated to conduct an initial review of Plaintiff's Complaint and dismiss the pleading or any portion thereof if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing in forma pauperis actions); *see also* 28 U.S.C. § 1915(A) (requiring initial review and dismissal on similar grounds with respect to complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity). In the course of its initial review, the Court may also address, sua sponte, whether venue is proper if "the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) (holding that a district court may consider venue on a § 1915 screening).

## IV. Analysis

### A. Plaintiff Has Failed to State a § 1983 Claim Against Defendant Allbaugh

Plaintiff does not state whether he sues Defendant Allbaugh, Director of the ODOC, in his official or individual capacity. However a claim against Defendant Allbaugh in his official capacity is barred by the Eleventh Amendment. Plaintiff seeks only monetary damages and the State of Oklahoma is immune from § 1983 liability for monetary damages. *See generally Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014) (discussing Eleventh Amendment

immunity and applying it to dismiss § 1983 official capacity claims for damages against employees of the ODOC).

To the extent Plaintiff sues Defendant Allbaugh in his individual capacity, he fails to allege facts demonstrating Defendant Allbaugh's personal involvement in the alleged violation of his constitutional rights. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). Plaintiff's sole allegation against Defendant Allbaugh is that: *[a]s Director* he was aware (or should have been) of the malfunctioning equipment complained of herein . . . but he did 'fix' or 'shut down' the antiqatiated [sic], out[-]dated and defective equipment, which led directly to this lawsuit." *See* Compl. at p. 1 (emphasis added). Plaintiff's allegation makes clear that he purports to impose liability against Defendant Allbaugh based on his supervisory role "as Director." It is well-established, however, that supervisory status alone is insufficient to give rise to § 1983 liability. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). Instead, a plaintiff must demonstrate a defendant's personal involvement in the wrongful conduct. *Id.* Personal involvement requires a plaintiff to "show an 'affirmative link' between the supervisor and the constitutional violation," which requires plausible allegations of "(1) personal involvement; (2) causation[;] and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (*quoting Dodds*, 614 F.3d at 1195).

Plaintiff's Complaint is wholly deficient with respect to any allegations to show Defendant Allbaugh's personal involvement in the alleged violation of his constitutional rights. Plaintiff's reliance on allegations concerning what Defendant Allbaugh "should have known" based on his role as Director of the ODOC are insufficient. *See, e.g., Richardson v. Romer*, No. 91–1410, 1992 WL 73048, at *1 (10th Cir. April 9, 1992) (unpublished op.) (bare allegation that superior officers should have known of constitutional violations did not state a claim for relief under § 1983).

Accordingly, Plaintiff's official and individual capacity claims against Defendant Allbaugh should be dismissed without prejudice.

**B.    Venue is Not Proper in the Western District of Oklahoma as to Plaintiff's Claims Against Defendant Warden**

In an action brought pursuant to 42 U.S.C. § 1983, venue is proper in a judicial district: (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).  The remaining defendant in this action is the warden at the ODOC facility in Vinita, Oklahoma.  Moreover, Plaintiff alleges all the events giving rise to his claims occurred in Vinita, Oklahoma.  Vinita is located in Craig County, Oklahoma, which lies in the Northern District of Oklahoma.  *See* 28 U.S.C. § 116(a).  Thus, venue is not proper in this judicial district.

**C.    The Court Should Transfer this Case to the Proper Venue**

Where the interests of justice require, the Court may transfer a case lacking proper venue to the appropriate judicial district.  *See* 28 U.S.C. § 1406(a).  Plaintiff has paid his initial partial filing fee in this matter.  Further review of the factual allegations of the Complaint appear to be warranted with respect to Plaintiff's claim against the warden.  Therefore, it is recommended that, in the interest of justice, this case be transferred to the Northern District of Oklahoma where venue is proper.  *See* 28 U.S.C. § 1406(a); *Trujillo*, 465 F.3d at 1222. [5]

---

[5] The Court recognizes that Plaintiff makes reference to the conduct of prison officials as being "grossly negligent," *see* Compl. at p. 3 and that § 1983 liability requires a higher degree of fault, i.e. "deliberate indifference."  *See Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993).  However, as a pro se litigant, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This Court expresses no opinion on whether Plaintiff has plausibly stated a claim for relief against

Finally, even if the Court had not recommended dismissal of Plaintiff's claims against Defendant Allbaugh and venue remained proper in this judicial district, *see* 28 U.S.C. § 1391(b)(1), the Court would still recommend transfer of this action to the Northern District of Oklahoma because that district has significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events.  *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

## RECOMMENDATION

It is recommended that Plaintiff's claims against Defendant Allbaugh be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  It is further recommended that this action be transferred to the United States District Court for the Northern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by April 26, 2017.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

the warden, but leaves that determination to the transferee court.  The Court simply finds that given the liberal rules of construction, the interests of justice support a transfer.

6

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 5th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE